## PROVISION FOR DIVISION OF TOWNSHIP FUNDS VALID.

Circuit Court of Summit County.

TOWNSHIP OF NORTHFIELD ET AL V. VILLAGE OF MACEDONIA.

Decided, April, 1907.

*Constitutional Law—Township Funds May be Divided Between Township and Newly Created Corporation.*

The act of March 28, 1906 (98 O. L., 129), providing for the division of township funds between the township and a village which has been created out of a part of such township, is a valid exercise of the legislative power and is constitutional.

*Grant, Sieber & Mather,* for plaintiff in error.
*Stuart & Stuart,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

This proceeding in error involves the constitutionality of the act of March 28, 1906 (98 O. L., 129), providing for the division of township funds when a village is created out of part of such township. It is contended that it undertakes to confer corporate power by special act; that it assumes retroactively to create a right and to impose an obligation thereof; and that it works a diversion of public funds already devoted to specific purposes.

Some of these contentions proceed upon the theory that the political sub-division of the state are entitled *inter se,* and as between themselves and the state, to the constitutional rights of private persons. In truth, however, they are to be regarded, in these relations, merely as political agencies of the state, and, as such, within the scope of the authority of the Legislature

to deal with them as it pleases, subject to such constitutional limitations as specifically restrict the exercise of such authority. *City of Worcester* v. *Worcester Consolidated Street Railway Company,* 196 U. S., 539.

The case of *State, ex rel,* v. *Board of Education, etc.,* 22 C. C., 224, although correctly decided, should, we think, be distinguished from the case at bar and should not have been assimilated to *Rairden et al* v. *Holden, Admr.,* 15 O. S., 207, relative to the impairment of the vested rights of private persons by retrospective legislation. We hold, also, that *Howell* v. *Fry, Admr.,* 19 O. S., 556, relative to the right of jury trial, has no application to the case before us, inasmuch as the statute here in question provides substantially for an equitable accounting between political subdivisions of the state before a tribunal specially clothed with appropriate jurisdiction, to the end that a proper division of public funds in hand and in course of collection may be made between them. The parties to such a proceeding and the nature of the proceeding itself, alike negative the application of the constitutional guaranty of jury trial.

Nor is this act a special act. It applies to any township and village in the state, which being co-contributors through their respective tax-payers to a common fund actually existing or accruing, in the hands of the township treasurer, have separated one from the other within the designated period. The time limitation is exactly suited to the accomplishment of this purpose, viz: the distribution of current funds between separating subdivision of the state, and it is not framed with any apparent intent or effect of making an unconstitutional classification of villages and townships.

Nor does this act violate Section 5 of Article XII of the Constitution, providing that a tax shall be applied only to the distinctly stated purpose for which it has been lawfully levied. It specially provides that only "a proper division of the township funds" shall be made. Hence it forbids the division of the proceeds of any tax levied for a township purpose unless the laws provide for a correlative village purpose, to which a proper part of it may still be applied in the village which has been

created from the township, and which helped to produce the fund. It is not to be presumed that the probate judge will administer this act in violation of the Constitution, since it may be carried out in consonance therewith.

We are not unmindful of the difficulties and doubts that arise respecting the constitutionality of this act. But we heed the rule, expressed by our Supreme Court, that unless a law is clearly and palpably irreconcilable with the Constitution it should not be so declared.

The judgment below is affirmed.